```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION
```

CINCINNATI INSURANCE COMPANY,   )
                                )
            Plaintiff,          )
                                )
     v.                         )     No. 11 C 6695
                                )
ULS, INC., et al.,              )
                                )
            Defendants.         )

## MEMORANDUM ORDER

Cincinnati Insurance Company ("Cincinnati") has filed a Complaint for Declaratory Judgment, naming as defendants ULS, Inc. ("ULS") and 127 North Walnut Partners, LLC ("Partners") and seeking to invoke federal subject matter jurisdiction on diversity of citizenship grounds. Because Cincinnati has not established the existence of the requisite diversity of citizenship, however, this sua sponte memorandum order calls for the dismissal of the Complaint and this action.

Complaint ¶2 fails to provide both facets of corporate citizenship for Cincinnati as required by 28 U.S.C. §1332(c)(1)-- a surprising omission, both (1) because Cincinnati's counsel surely have that information as to their client and (2) because Complaint ¶3 confirms counsel's awareness of the necessary allegations, for they are made properly as to ULS. But that oversight pales in comparison to counsel's handling (more accurately, mishandling) as to Partners. Here are Complaint ¶¶4 and 5:

> 4. Defendant Partners is an Illinois limited
> liability company with its principal place of business
> in Itasca, DuPage County, Illinois.
>
> 5. Partners is named as a nominal defendant in
> this case and only to the extent that it is considered
> a necessary party to this insurance coverage dispute.
> Cincinnati seeks no separate relief or judgment against
> Partners, but seeks only to bind it to the outcome of
> this coverage dispute between Cincinnati and ULS.

It is simply wrong to label Partners as a "nominal defendant." This is after all a suit for declaratory relief, and Cincinnati's stated desire to bind Partners to the substantive resolution of the controversy between Cincinnati and ULS suffices to make Partners a party to this litigation in real world terms.[1]

That being so, Complaint ¶4 speaks only of facts that are jurisdictionally irrelevant when a limited liability company is involved. Those allegations ignore more than a dozen years of repeated teaching from our Court of Appeals (see, e.g., Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998) and a whole battery of cases since then, exemplified by Thomas v. Guardsmark, LLC, 487 F.3d 531, 533-34 (7th Cir. 2007)). And that teaching has of course been echoed many times over by this Court and its colleagues.

For a good many years this Court was content simply to

---

[1] After all, if Cincinnati is successful in its contention that it has no obligation "to defend, indemnify or reimburse ULS for any sums in relation to the Partners Counterclaim" in the underlying litigation between ULS and Partners, that could bear significantly on Partners' financial interest.

identify such failures to the lawyers representing plaintiffs in pursuance of its mandated obligation to "police subject matter jurisdiction sua sponte" (Wernsing v. Thompson, 423 F.3d 732, 743 (7th Cir. 2005)). But there is really no excuse for counsel's present lack of knowledge of such a firmly established principle, after well over a full decade's repetition by our Court of Appeals and others.

Accordingly, as stated earlier, not only Cincinnati's Complaint but also this action are dismissed (cf. Held v. Held, 137 F.3d 998, 1000 (7th Cir. 1998)). Because such dismissal is based on the jurisdictional deficiency discussed here, it is ordered without prejudice to Cincinnati's right to pursue its claim in a state court of competent jurisdiction.

_____
  Milton I. Shadur
  Senior United States District Judge

Date: September 28, 2011